UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTHONY LYNCH-BEY,

               Plaintiff,

                                              CASE NO. 2:17-CV-10099
v.                                    HONORABLE VICTORIA A. ROBERTS

KYM WORTHY, DAVID ALLEN, and
MARK T. SLAVENS,

               Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

      This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  Michigan

prisoner Anthony Lynch-Bey ("Plaintiff"), currently serving a life sentence for second-degree

murder, alleges that his constitutional rights were violated during his state court post-conviction

collateral review proceedings.  He names Wayne County Prosecutor Kym Worthy and Wayne

County Circuit Court Judges David Allen and Mark T. Slavens as  defendants.  At the time of the

events giving rise to the complaint, Worthy served as a Wayne County Circuit Court Judge and

as Wayne County Prosecutor.  Plaintiff sues the defendants in their personal and official

capacities and seeks injunctive relief and monetary damages.  The Court granted Plaintiff leave

to proceed without prepayment of  filing fees.  *See* 28 U.S.C. § 1915(a)(1).

### II.  DISCUSSION

      Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua*

*sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

2

States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir.

2009).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court

finds that Plaintiff's Prisoner Civil Rights Complaint is subject to summary dismissal.

### A.     Heck Bar

Initially, the Court notes that to the extent  Plaintiff challenges his state criminal

convictions and continued confinement, he fails to state a claim upon which relief may be

granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state

prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475,

499 (1973), not the validity of continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim

challenging his imprisonment if a ruling on his claim would necessarily render his continuing

confinement invalid, until and unless the reason for his continued confinement has been reversed

on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been

called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C.

§ 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, "taken together, indicate that a state prisoner's

§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or

internal prison proceedings) – if success in that action would necessarily demonstrate the

invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Simply stated, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on any claims concerning the validity of his criminal convictions, his continued confinement could be called into question. Such claims are barred by *Heck* and must be dismissed.

### B.    Subject Matter Jurisdiction

Plaintiff challenges the constitutionality of his state post-judgment collateral review proceedings. In part, he raises a due process "as applied" challenge to certain provisions of Michigan collateral review statute, Michigan Court Rule 6.500 *et seq*. The Court, however, lacks the authority to review any such claims under the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983), which "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also Hutcherson v. Lauderdale Co., Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies "when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). "In determining the applicability of the *Rooker-Feldman* doctrine, federal courts . . . must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d

4

593, 597 (6th Cir. 2003) (internal quotation omitted).  "If the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).  The doctrine applies to attempts to relitigate state court judgments entered before the federal suit is filed; it does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *Exxon Mobil*, 544 U.S. at 292.

"The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).  Consequently, it may be raised *sua sponte*. *Saker v. National City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004).  When a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Applying the foregoing principles to this case, the Court finds that the *Rooker-Feldman* doctrine precludes the Court from considering Plaintiff's "as applied" challenges to Michigan's collateral review provisions.  Plaintiff challenges the application of state court rules to his cases.  He complains that the state court orders are procedurally and constitutionally unsound and essentially asks the Court to overrule or vacate them.  That is exactly the sort of appellate review of state court judgments that federal courts are barred from engaging in under *Rooker-Feldman*.  The complained of-injuries are the dismissals of his state collateral review cases, and those injuries are directly and solely traceable to the state court rulings and judgments; Plaintiff  turns to federal court in an attempt to undo state court judgments, *Exxon Mobil*, 544 U.S. at 293.  His "as applied" claims are based upon the premise that the state court orders are invalid.  This Court

5

lacks subject matter jurisdiction over any such claims based upon the *Rooker-Feldman* doctrine. *See Carter v. Burns*, 524 F.3d 796, 799 (6th Cir. 2008) (affirming district court's dismissal of prisoner's "as applied" civil rights challenge to the constitutionality of Tennessee's collateral review statutes); *Moore v. People of State of Michigan*, No. 15-CV-12430, 2015 WL 5817932, *1-2 (E.D. Mich. Oct. 6, 2015) (citing *Rooker* and denying prisoner permission to file civil rights complaint challenging state courts' denial of post-judgment relief).

Moreover, Plaintiff's federal claims would be barred even if they were not specifically presented in the state courts.  A federal claim that calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state court proceeding; all that is required is that the federal plaintiff had the opportunity to present the issues involved to the state court.  *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (quoted with approval in *Wilde v. Ohio Veterinary Med. Licensing Bd.*, 31 F. App'x 164, 166 (6th Cir. Feb. 21, 2002)).

Plaintiff had the opportunity to present his claims in the state trial court and/or the Michigan Court of Appeals.  He could then appeal to the Michigan Supreme Court, and ultimately the United States Supreme Court, as necessary.  Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction over his "as applied" constitutional challenges.

### C.     Failure to State a Claim

Plaintiff also raises a due process facial challenge to the Michigan collateral review statutes.  While such a claim is not barred by *Rooker/Feldman*, it is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted.  A prisoner's right to due

process only arises if a restriction or other conduct by state officials impedes a constitutionally-protected liberty interest.  *Wilkerson v. Austin*, 545 U.S. 209, 221 (2005).  It is well-established, however, that a prisoner has no constitutional right to an appeal, *Abney v. United States*, 431 U.S. 651, 656 (1977), or to post-conviction collateral review.  *See Pennsylvania v. Findley*, 481 U.S. 551, 555-56 (1987) (stating that "it is clear that the State need not provide any appeal at all" and that this consideration applies "with even more force to postconviction review"); *Jergens v. Brigano*, 201 F.3d 440, 1999 WL 1204804, *3 (6th Cir. 1999) ("there is no constitutional right to any state post-conviction process at all...."). Consequently, Plaintiff has no federal due process rights arising from Michigan's collateral review procedures.  *See Boles v. Jackson*, No. 14-14074, 2015 WL 3967559, *2 (E.D. Mich. June 30, 2015) (dismissing prisoner's civil rights case challenging Michigan's state post-conviction review proceedings); *Coleman v. Bergh*, No. 12-10883, 2014 WL 988985, *4 (E.D. Mich. March 13, 2014) (ruling than an infirmity in state post-conviction proceedings does not provide a basis for federal habeas relief because there is no constitutional right to post-conviction review); *see also Carter v. Burns*, No. 3:07-0597, 2008 WL 4525422, *9-10 (M.D. Tenn. Oct. 2, 2008) (dismissing prisoner's civil rights claims contesting Tennessee's postconviction/collateral review proceedings because there is no constitutional right to such review); *Carter v. McCaleb*, 29 F. Supp. 2d 423, 429 (W.D. Mich. 1998) ("In the absence of a liberty interest, no process is constitutionally due.").  Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 in his pleadings.

### D.    Absolute Immunity

The Court also finds that the named defendants are entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity on claims for monetary damages.  *See Mireles v*

*Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).  Moreover, the 1996 amendments to § 1983 extended absolute immunity for judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).  Plaintiff's challenges to his collateral review proceedings involve the performance of judicial duties.  The defendant judges are absolutely immune from suit for such conduct.

Lastly, to the extent that Worthy is named as a defendant based upon her actions as a state prosecutor, she is also entitled to absolute prosecutorial immunity.  It is well-established that prosecutors enjoy absolute immunity from liability under § 1983 for actions taken during the prosecution of a defendant and representing the government in court.  *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits").  Therefore,  Worthy is entitled to absolute immunity from suit for her actions as a prosecutor in Plaintiff's criminal case and/or collateral review

proceedings.  Plaintiff's claims against the defendants are thus further subject to dismissal on absolute immunity grounds.

### III.  CONCLUSION

The Court concludes that Plaintiff's claims must be dismissed based upon *Heck*, the *Rooker/Feldman* doctrine, for failure to state a claim upon which relief may be granted, and/or absolute judicial and prosecutorial immunity.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Prisoner Civil Rights Complaint.  The Court also concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.


S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  January 26, 2017